# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Sherry Buchert,
    Plaintiff

vs

Michael J. Astrue,
Commissioner of Social Security,
    Defendant

Case No. C-1:06cv485
(Barrett, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. §406(b) (Doc. 18), Defendant's Memorandum in Opposition to Plaintiff's Motion for Attorney Fees Under Social Security Act, 42 U.S.C. § 406(B) (Doc. 22), and Plaintiff's Reply thereto (Doc. 23). Plaintiff seeks an award of attorney fees in the amount of $20,447.75 for work done before this Court as provided for under the Act.

Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart,* 535 U.S. 789, 792 (2002). In determining the

1

reasonableness of fees under section 406(b), the starting point is the contingent-fee agreement between the claimant and counsel. *Id.* at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits." *Id.* The Court should also consider factors such as the character of the representation and the results achieved. *Id.* at 808. *See also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). The Court should consider whether deductions are appropriate for improper conduct or ineffectiveness of counsel and where counsel would "otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Also relevant to the reasonableness issue are the hours expended by counsel before the District Court and the lawyer's normal hourly billing charge for noncontingent-fee cases. *Gisbrecht*, 535 U.S. at 808.

On November 20, 2007, this Court issued a report and recommendation that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Thereafter, on December 19, 2007, the district court adopted the report and recommendation and entered Judgment (Docs. 15, 16). On remand, the ALJ issued a fully favorable decision finding Plaintiff disabled as of July, 2002. The Social Security Administration has begun paying disability benefits to Plaintiff and on November 17, 2008, it issued a Notice of Award regarding Plaintiff's past-due benefits. (*See* Doc. 21, Ex. 2, Notice of Award). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of plaintiff-or $20,447.75- as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 21, attachment). Plaintiff's attorney requests the full $20,447.75 as his fee in this case. *See* Doc. 21.

In the instant case, the District Judge adopted the Report and Recommendation of the undersigned Magistrate Judge reversing the decision of the Commissioner and remanding this case to the Commissioner for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 18). Upon remand, Plaintiff was awarded past due benefits in the amount of $81,791.00 from July 2002 through September 2008, and pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of Plaintiff's past due benefits - or $20,447.75 - as a potential contingency fee to be awarded to Plaintiff's counsel. (Doc. 30, attachment).

Counsel and Plaintiff executed a contingency fee agreement for 25 percent of past due benefits. (Doc. 21, Ex.1). Counsel requests $20,447.75 as his fee in this case, representing 25% of the total past due benefits of $81,791.00. Counsel requests he be awarded the full amount based on the contingency contract pursuant to *Gisbrecht*.

The Court declines to award the full amount requested by counsel based solely on the contingency fee agreement. Under *Gisbrecht*, the Court must consider not only the contingency fee agreement but other factors as well in determining a reasonable attorney fee. Relevant to this case is the amount of the fee requested compared to the hours expended by counsel before the Court. The Supreme Court in *Gisbrecht* noted that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." 535 U.S. at 808, citing with approval *Rodriquez*, 865 F.2d at 747 (finding reviewing court should disallow

2

award of benefits amounting to a "windfall").

Counsel spent 16.5 hours of attorney time on this case before the District Court. (Doc. 21 at 6). Dividing the requested fee of $20,447.75 by the 16.5 hours counsel worked on this case produces a hypothetical fee of $1,239.26 per hour. The Commissioner objects to the award of fees in the amount requested as such would represent a "windfall." The Commissioner asserts that the fee is excessive because it would compensate Plaintiff's counsel at a rate which is more than six times the average rate of compensation. *See Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990). (Doc. 22 at 3). The Commissioner further contends that Plaintiff's counsel has made no showing that Plaintiff's case was more difficult than an average Social Security disability matter.

In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez*, 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

*Hayes*, 923 F.2d at 422. In this case, the *Hayes* "floor" in this case for Attorney Allen is $6,600.00, representing 16.5 hours times an hourly rate of $200.00 multiplied by 2. While we find that a fee award in the full amount requested by Plaintiff's counsel would, indeed, represent a "windfall," we find that an award of $6,600 would not fairly compensate Plaintiff for the work performed in this case. Thus, the Court is tasked with determining a fee award which is reasonable and will fairly compensate counsel.

Based upon the Court's knowledge of the market rates in Cincinnati for legal services such as those provided to Plaintiff and prior precedent within the Circuit, the Court determines an hourly fee in the amount of $619.63, which is half the requested $1,239.26 hourly rate, to be reasonable. The Court notes that a 2007 Ohio State Bar Association rate survey indicated the mean hourly rate for attorneys practicing in Greater Cincinnati is $217/hour, and the median is $200. *See Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp.2d 870, 876 (S.D. Ohio 2008). Adjusted for inflation, the mean and median hourly rates would be $243.00 and $224.00

3

respectively. *See Kindel v. Continental Casualty Co.*, 2005 W.L. 1241975 (S.D. Ohio 2005) (Beckwith, J.) (applying 4% cost-of-living adjustment to rates established by Rubin Committee). The Court further notes that it recently awarded § 406(b)(1)(A) fees to a Cincinnati attorney with comparable experience in a Social Security case where the "hypothetical fee" was $558.23 per hour; *see Franks v. Commissioner*, No. 1:06-cv-810 (S.D. Ohio June 26, 2009). As Plaintiff's counsel points out, counsel was retained at the federal level after Plaintiff has been denied four times by the Social Security Administration, thus significantly decreasing counsel's chances for a successful outcome. Moreover, Plaintiff's claim involved a complex vascular medical impairment for a Listing which is rarely invoked in Social Security claims. Indeed, the bulk of Plaintiff's 16.5 hours of representation was devoted to the preparation of the Statement of Errors. (Doc. 21 at 6). There is no evidence or indication that the representation in this matter was substandard or that counsel was responsible for any delay. *Gisbrecht*, 535 U.S. at 808; *Rodriguez*, 865 F.2d at 746. Finally, counsel achieved an excellent result in this case, obtaining monthly benefits for Plaintiff as well as $81,791.00 in past due benefits for Plaintiff.

Having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $10,223.90 is reasonable. Counsel thus should be awarded $10,223.90 in fees under §406(b)(1)(A).

The Court therefore **RECOMMENDS** that the §406(b)(1)(A) motion for attorney fees by Plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED** $10,223.90 in fees.

Date: 1/11/10

Timothy S. Hogan
United States Magistrate Judge

4

## NOTICE TO THE PARTIES REGARDING THE FILING OF
## OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), within fourteen (14) days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).